01-CV-00913-NTC                                    TES OF AMERICA

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE INFOSPACE, INC. SECURITIES          MASTER File No. C-01-0913-Z
LITIGATION

CLASS ACTION

FILED ____ LODGED ____ RECEIVED  [MAIL]

JUL -7 2005

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

| MILBERG WEISS BERSHAD HYNES & LERACH LLP | WILSON, SONSINI, GOODRICH & ROSATI | JOHN N. PAVLIS IN PROPER PERSON |
|---|---|---|
| RICK NELSON | STEVEN M. SCHATZ | 110 W. Court Street |
| LEAD COUNSEL FOR PLAINTIFFS | LEAD COUNSEL FOR DEFENDANTS | Flint, MI 48502 |
| 401 B Street, Suite 1700 | 650 Page Mill Road | (810) 238-0780 |
| San Diego, CA 92101 | Palo Alto, CA 94304 | |
| (619) 231-1058 | | |

## APPEARANCE AND NOTICE

To the Clerk of the Court and Lead Attorneys of record

The Appearance of the undersigned as attorney for **JOHN N. PAVLIS**, personally and of **PATRICIA C. PAVLIS** is hereby filed. This is to further advise that objection is hereby made to the **NOTICE OF REJECTION** of Proof of Claim served on the undersigned on June 24, 2005, by first class mail, as it is incorrect, improper, vague and as such constitutes unfair play and a violation of the United States Constitution as it applies to the undersigned through the Fourteenth Amendment

. The **NOTICE OF REJECTION**, in the form and format as attached hereto will result in the failure of thousands of people to have their claims evaluated in a proper manner, resulting in undue benefit to Plaintiffs, their successors, assigns and Plaintiff's lead counsel in this cause and other members of the

1

certified class who will all benefit by a reduction in the payment of otherwise properly filed claims

June 29, 2005

                                                   John N. Pavlis (P-18724)
                                                   In Proper person

CLAIMS ADMINISTRATION CENTER
POST OFFICE BOX 8040
SAN RAFAEL, CALIFORNIA 94912-8040

June 20, 2005

|  |  |
|---|---|
| | Claim Nbr:   ISPA1-102721-2 |
| | Taxpayer ID:  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 |
| JOHN PAVLIS | Account Nbr: |
| PATRICIA PAVLIS | |
| 110 W CT ST | |
| FLINT, MI  48502-1110 | |

Re: InfoSpace Securities Litigation: Rejection Notice

Dear Claimant:

We have processed your claim in accordance with the Court approved Plan of Allocation for the InfoSpace Securities Litigation.

We have determined that you have no Net Allowable Loss due to the following reason(s):

   Your relevant securities transactions did not result
   in a Recognized Loss under the Court approved Plan of
   Allocation.

Based upon the statement as set forth above, we will recommend to the Court that your claim be DISALLOWED and REJECTED.

If you think the above determination by the Claims Administrator is incorrect, you may request Court Review of the administrative determination within 20 days of the date of this letter, by sending a statement in writing asking for a "Court Review", and setting forth the reasons that you believe the administrative determination is incorrect. Your written statement will thereafter be submitted to the Court for consideration. Requests for Court Review should be submitted on or before July 11, 2005 and should be addressed to:

InfoSpace Securities Litigation
Attn: Cheryl Washington
PO Box 8040
San Rafael, CA 94912-8040

Very truly yours,

Claims Administration Center

June 24, 2005

**InfoSpace Securities Litigation**  **CERTIFIED MAIL**
**Attn: Cheryl Washington**
**PO Box 8040**
**San Rafael, CA 94912-8040**

Re: John N. Pavlis and Patricia C. Pavlis
    Claim Nbr:    ISPAI-102721-2
    Taxpayer Nbr:    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

Dear Ms. Washington:

I am in receipt of your Rejection Notice date of June 20, 2005, sent by first class mail. There is approximately $14,727.73 involved in this claim and my response herein has required a considerable amount of my law practice.

The determination made by the Claims Administration is incorrect. I want to set the record as follows:

A. On April 14, 2004 a sent a cover letter and the executed Proof of Claim with supporting documents by certified mail to the Claims Administrator. I enclose herewith a copy of the letter, the supporting documents and the return receipt indicting receipt on July 19, 2004.

B. On October 21, 2004, sent a letter to Rick Nelson, Attorney at Law, making an inquiry as to the status of the claim. On November 4, 2004, I received a response from Richard Nelson identifying himself as the Claims Administrator. I enclose copies of both letters.

C. The last communication I received was from the Claim Administrator Center under date of February 2, 2005 which indicated that "no further action was required" by me and implied that the Proof of Claim was in order and properly submitted.

**REASONS FOR INCORRECT DETERMINATION**
**BY CLAIMS ADMINISTRATOR**

The Rejection Notice received from you indicates I "have no **Net Allowable Loss** due to the following reason(s):

June 24, 2005
Page Two

> Your **relevant securities** transaction did not result in a **Recognized Loss** under the Court **approved Plan of Allocation.**" (Emphasis added)

This determination that my claim was "DISALLOWED and REJECTED" was made affecting my estate as well as my rights under federal law without any explanation or logical reason for the Rejection Notice. The conclusion that I have no **"Net Allowable Loss........as the transactions did not result in a Recognizes Loss under the Court approved Plan of Allocation."** (Emphasis added) is neither an explanation nor a legal reason for the rejection. This is not acceptable to me.

This determination was incorrect for the following reasons:

1. The Notice of Pendency and Proposed Settlement of Class Action consisting of 8 pages does not define your use of the phrases (a) "**Net Allowable Loss,**" and (b) "**Recognized Loss.**" (Emphasis added). Accordingly, I have no idea as to what you are even talking about.

2. As indicated in the enclosed copy of my April 14, 2004 letter, I have verified to your offices, transactions from Raymond James & Associates, Inc. and Ameritrade, involving the purchase and sale of 1,062 shares of InfoSpace stock during May 2000, clearly within the "Settlement Class Period." Obviously, the supporting enclosures are verification that I am also a member of the class.

3. In my legal opinion, the Raymond James confirmation statements that I sent you with my Claim Form under date of April 14, 2004, should more than adequately proove both that the stock transactions were made during the " Settlement Class Period: and that I am a "Settlement Class Member."

4. In case and only in case your Administrator would not accept the actual confirmations of the trades with Raymond James & Associates, Inc., as proof of my loss during the "Class Period " or that I am a "Class Member,"I am enclosing my Raymond James statement for the month of May 2000.

5. If there is a valid reason for the rejection, which I note was also not mentioned in the above referred to letters of October 21, 2004 or February 22, 2005, such reason(s) by law and constitutional rights, must be given to me. Short of that, any rejection of a claim, which is valid on its face, without any explanation, constitutes expropriation of my estate and therefore incorrect and invalid.

June 24, 2005
Page Three


I note that you have imposed a July 12, 2005 deadline for my herein response to your Notice of Rejection. I on the other hand have no recourse but to directly contact the Court by filing my formal Appearance and a copy of this letter and the enclosures to protect my legal rights. Accordingly, unless I hear from your office no later than June 29, 2005, I will proceed to protect my rights of recovery under the Plan of Allocation I trust that this will not be necessary and that I will hear from you with your response by that date.


Sincerely yours,


John N. Pavlis
JNP/mz
enc: