The Honorable Thomas Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: INFOSPACE, INC. SECURITIES LITIGATION | Master File No. C-01-0913-Z<br><br>MOTION FOR ACCOUNTING WITH SUPPORTING DECLARATION<br><br>Class Action |

COMES NOW David J. Balint, a claimant in the above referenced Class Action and makes this motion for an accounting from the Class Action Administrator. The distributions made by the administrator do not appear to be in accordance with the settlement notice and no explanation has been offered to the claimant despite requests.

Dated this 26th day of September, 2006

DAVID J. BALINT, PLLC

By: David J. Balint WSBA #5881

DECLARATION

I, David J. Balint, do hereby state and declare:

That I am a claimant in the above-referenced Class Action.

Motion for Accounting
Page 1

DAVID J. BALINT, PLLC
2033 Sixth Avenue, Suite 800
Seattle, WA 98121
Tel: 206-728-7799    Fax: 206-728-2729

1  That I attach hereto as 'Exhibit A' a copy of the Notice of Pendency and Proposed Settlement of Class Action. The undersigned acquired shares of stock through the conversion of original stock in Go2Net, Inc. My stock was acquired during the period of time January 26, 2000 – December 8, 2000 by reason of the conversion of Go2Net stock to Infospace stock during that window. My stock was held during the entire period of time through January 29, 2001, the claims period. My claim, therefore, was for $5.78 per share. Instead, I received distributions equaling $1.07 per share. On two occasions I requested an accounting and explanation from the administrators. The first was by letter dated May 30, 2006, attached hereto as Exhibit B. The second was more recently. In neither case did I receive the courtesy of a reply. I believe that all class members have been treated the same, i.e., at $1.07 a share rather than as represented to the entire class of claimants in accordance with Exhibit A.

Furthermore, there is no explanation from plaintiffs' counsel or the Administrator for the massive delays in handling this case.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 26 day of September, 2006 at Seattle, Washington.

_____
DAVID J. BALINT

Motion for Accounting
Page 2

DAVID J. BALINT, PLLC
2033 Sixth Avenue, Suite 800
Seattle, WA 98121
Tel: 206-728-7799    Fax: 206-728-2729

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re INFOSPACE, INC. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Master File No. <br> C-01-0913-Z <br><br> CLASS ACTION |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO:   ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED INFOSPACE, INC. ("INFOSPACE") SECURITIES DURING THE PERIOD BEGINNING ON JANUARY 26, 2000 THROUGH AND INCLUDING JANUARY 30, 2001. ALSO INCLUDED ARE FORMER SHAREHOLDERS OF GO2NET CORP. WHO ACQUIRED INFOSPACE STOCK IN INFOSPACE'S OCTOBER 12, 2000 PURCHASE OF GO2NET

Please read this Notice carefully and in its entirety. Your rights may be affected by proceedings in this Action. Please note that if you are a Settlement Class Member, you may be entitled to share in the proceeds of the Settlement described in this Notice. To claim your share of this fund, you must submit a valid Proof of Claim postmarked on or before July 16, 2004.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Washington at Seattle (the "Court"). The purpose of this Notice is to inform you of the pendency and proposed settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the litigation or the merits of the claims or defenses asserted. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.

The proposed settlement creates a fund in the amount of $34,300,000 in cash (the "Settlement Fund") and will include interest that accrues on the fund prior to distribution. Your recovery from this fund will depend on a number of variables, including the number of shares of InfoSpace securities you purchased during the period beginning on January 26, 2000 through January 30, 2001, and the timing of your purchases and any sales. Depending on the number of eligible shares purchased by Settlement Class Members who elect to participate in the Settlement and when those shares were purchased and sold, the estimated average recovery per share will be approximately $0.19 before deduction of Court-approved fees and expenses.

Lead Plaintiffs and Settling Defendants do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include: (1) the appropriate economic model for determining the amount by which InfoSpace securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (2) the amount by which InfoSpace securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (3) the effect of various market forces influencing the trading price of InfoSpace securities at various times during the Settlement Class Period; (4) the extent to which external factors, such as general market and industry conditions, influenced the trading price of InfoSpace securities at various times during the Settlement Class Period; (5) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of InfoSpace securities at various times during the Settlement Class Period; (6) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of InfoSpace securities at various times during the Settlement Class Period; and (7) whether the statements made or facts allegedly omitted were material, false, misleading or otherwise actionable under the securities laws.

The Lead Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Settlement Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that plaintiffs would not have prevailed on their claims, in which case the Settlement Class could receive nothing. The amount of damages recoverable by the Settlement Class was and is challenged by the Settling Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Settling Defendants almost certainly would have asserted that all of the losses of Settlement Class Members were caused by non-actionable market, industry or general economic factors. It is also likely the Settling Defendants would also assert that throughout the Settlement Class Period the uncertainties and risks associated with the purchase of InfoSpace securities were fully and adequately disclosed.

Plaintiffs' Settlement Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiffs and the Members of the Settlement Class, nor have they been reimbursed for their substantial out-of-pocket expenditures. If the Settlement is approved by the Court, Plaintiffs' Settlement Counsel will apply to the Court for attorneys' fees of 25% of the Settlement Fund after deduction of court awarded expenses, or approximately $8.45 million in cash, and reimbursement of out-of-pocket expenses not to exceed $500,000 to be paid from the Settlement Fund. If the amount requested is approved by the Court, the average cost per share will be less than $0.05.

For further information regarding this settlement you may contact: Rick Nelson, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San Diego, California 92101, Telephone: 619/231-1058; Steve W. Berman, Hagens Berman LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101, Telephone: 206/623-7292, or Michael K. Yarnoff, Schiffrin & Barroway, LLP, Three Bala Plaza East, Suite 400, Bala Cynwyd, Pennsylvania 19004, Telephone: 610/667-7706.

## I. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on May 7, 2004, at 1:15 p.m., before the Honorable Thomas S. Zilly, United States District Judge, Western District of Washington, William Kenzo Nakamura U.S. Courthouse, 1010 Fifth Avenue, Seattle, Washington (the "Settlement Hearing"). The purpose of the Settlement

Hearing will be to determine: (1) whether the settlement consisting of $34.3 million in cash should be approved as fair, reasonable and adequate to the Settling Parties; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Plaintiffs' Settlement Counsel for an award of attorneys' fees and expenses should be approved; and (4) whether the Action should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

## II. DEFINITIONS USED IN THIS NOTICE

1. "Individual Defendants" means Naveen Jain and Tammy Halstead.

2. "Parties" or "Settling Parties" mean, collectively, each of the Settling Defendants, and the Lead Plaintiffs on behalf of themselves and each of the Settlement Class Members.

3. "Related Parties" means each of a Settling Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, agents, attorneys, accountants or auditors, banks, legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, executors, spouses, heirs, related or affiliated entities, any entity in which any Settling Defendant and/or any member of an Individual Defendant's immediate family has a controlling interest, any members of the Individual Defendants' immediate families, or any trust of which any Settling Defendant is the settlor or that is for the benefit of any Settling Defendant and/or member(s) of his or her family. Notwithstanding the above, Related Parties does not include Merrill Lynch & Co and Henry Blodgett.

4. "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in paragraph 10 below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, recklessness, intentional misconduct, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Settlement Class Member against the Released Persons arising out of, based upon or related to the purchase or acquisition of InfoSpace securities by any Lead Plaintiff or Settlement Class Member during the Settlement Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act that were or could have been alleged in this litigation or in any other forum based on, relating to, or arising from facts that were or could have been alleged in this litigation. Released Claims also includes any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Action.

5. "Released Persons" means each and all of the Settling Defendants and their Related Parties and specifically excludes Merrill Lynch & Co. and Henry Blodgett.

6. "Settlement Class" means all Persons or entities who purchased or acquired InfoSpace securities during the period beginning on January 26, 2000 through and including January 30, 2001. Excluded from the Settlement Class are the Settling Defendants, Merrill Lynch & Co., Henry Blodgett, members of the immediate family of each of the Individual Defendants, any entity in which any Settling Defendant, Merrill Lynch & Co. or Henry Blodgett has a controlling interest and the legal representatives, officers, directors, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class are those Persons who timely file a Request for Exclusion pursuant to this Notice.

7. "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth above.

8. "Settlement Class Period" means the period from January 26, 2000 through January 30, 2001, inclusive.

9. "Settling Defendants" means InfoSpace, Naveen Jain and Tammy Halstead.

10. "Unknown Claims" means any Released Claims that any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision whether to object to the Settlement. With respect to any and all Unknown Claims and Released Claims against the Released Persons, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive and relinquish, and the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by §1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release; which if known by him must have materially affected his settlement with the debtor,

and by any law of any state or territory of the United States, or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to §1542 of the California Civil Code. Each Lead Plaintiff and each other Settlement Class Member may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the Unknown Claims and Released Claims, but hereby stipulate and agree that upon the Effective Date, the Lead Plaintiffs shall have expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Unknown Claims and Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which the release in this paragraph is a part.

## III. THE LITIGATION

On and after June 19, 2001, the following class action complaints were filed in the United States District Court for the Western District of Washington at Seattle:

| | ABBREVIATED CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|---|
| 1. | Horton v. InfoSpace, Inc., et al. | C01-0913Z | 06/19/01 |
| 2. | Murowa Financial v. InfoSpace, Inc., et al. | C01-0922P | 06/20/01 |
| 3. | Gutner, et al. v. InfoSpace, Inc., et al. | C01-0934R | 06/21/01 |
| 4. | Carrigan v. InfoSpace, Inc., et al. | C01-0943L | 06/22/01 |
| 5. | Khandelwal v. InfoSpace, Inc., et al. | C01-942P | 06/22/01 |
| 6. | Chervin v. InfoSpace, Inc., et al. | C01-0953L | 06/25/01 |
| 7. | Nuzzi, et al. v. InfoSpace, Inc., et al. | C01-0963 | 06/26/01 |
| 8. | Kollander v. InfoSpace, Inc., et al. | C01-0967R | 06/26/01 |
| 9. | Mollenhauer, et al. v. InfoSpace, Inc., et al. | C01-0974L | 06/27/01 |
| 10. | Malone v. InfoSpace, Inc., et al. | C01-992P | 06/29/01 |
| 11. | Hoffman v. InfoSpace, Inc., et al. | C01-1012P | 07/03/01 |
| 12. | Moschetti, et al. v. InfoSpace, Inc., et al. | C01-1034R | 07/06/01 |
| 13. | Toiv v. InfoSpace, Inc., et al. | C01-1072Z | 07/12/01 |
| 14. | Herting v. InfoSpace, Inc., et al. | C01-1092R | 07/16/01 |
| 15. | Wileman, et al. v. InfoSpace, Inc., et al. | C01-1108Z | 07/18/01 |
| 16. | Katz v. InfoSpace, Inc. et al. | C01-1126 | 07/23/01 |
| 17. | Jones v. InfoSpace, Inc., et al. | C01-1163Z | 07/27/01 |
| 18. | Hertzfeld v. InfoSpace, Inc., et al. | C01-1185C | 07/31/01 |
| 19. | Bae v. InfoSpace, Inc., et al. | C01-1204Z | 08/03/01 |

By Order dated August 8, 2001, the above cases were consolidated as *In re InfoSpace, Inc. Securities Litigation*, Master File No. C01-0913. On January 22, 2002, plaintiffs filed a consolidated complaint, and on May 9, 2002 they filed a First Consolidated and Amended Complaint. On October 11, 2002, the Judicial Panel on Multidistrict Litigation ("JPML") transferred this action to the District Court for the Southern District of New York. On March 27, 2003, Judge Milton Pollack of the Southern District of New York ordered the claims against the Settling Defendants to be severed from MDL No. 1484 and recommended to the JPML that the severed claims be remanded to this Court.

## IV. CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

This matter was brought as a securities fraud class action alleging that the defendants made false and misleading statements about InfoSpace's performance and the future of InfoSpace, causing the price of InfoSpace securities to trade at artificially inflated prices between January 26, 2000 and January 30, 2001. To support those claims, plaintiffs alleged that InfoSpace disseminated a series of false and misleading statements about its business prospects and financial status, including projections of revenue and market capitalization. Plaintiffs alleged that throughout this period defendants falsely reported successful financial results each quarter and reached out to the market through the media to encourage investors to buy InfoSpace securities. Plaintiffs asserted that defendants overstated revenues by using improper accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. Plaintiffs also alleged that the Settling Defendants' actions were designed to (and did) allow defendant Jain to sell his own InfoSpace shares at artificially inflated prices and defendants to complete a series of acquisitions using shares of InfoSpace's stock as currency, including the October 2000 acquisition of Go2Net. According to Lead Plaintiffs, it was only after achieving these objectives, that the Settling Defendants announced on January 30, 2001, the end of the Class Period, that InfoSpace had declining consumer service revenues, experienced a significant loss for the year and severely cut back on forecasts of future revenue growth.

The Lead Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims. However, Lead Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Settling Defendants through trial and appeals. Counsel for the Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this litigation, as well as the difficulties and delays inherent in such litigation. Counsel for the Lead Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to the federal securities law violations alleged in the Action. For instance, counsel for the Lead Plaintiffs understand that the Settling Defendants intended to move to dismiss the Action on a variety of grounds, including but not limited to their belief that the complaint failed to satisfy the pleading standards applicable to federal securities class action claims. Among other things, the Settling Defendants had expressed their intention to seek dismissal of substantial portions of Lead Plaintiffs' claims as based on Company predictions and other "forward-looking statements" that are largely protected under the "safe harbor" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Under this provision, no party can be liable for false or misleading predictive statements where the party lacked actual knowledge of the statements' falsity or where the statements were accompanied by warnings of important factors that could cause actual results to differ. The Settling Defendants intended to argue that adequate warnings accompanied their predictions and that Lead Plaintiffs could not show that defendants knew the predictions were not correct. Moreover, under the PSLRA, Lead Plaintiffs must have substantial evidence of defendants' actual knowledge before counsel for Lead Plaintiffs can depose witnesses or obtain documents from defendants. Accordingly, the PSLRA safe-harbor provision made Lead Plaintiffs' claims vulnerable to dismissal to the extent they arose from predictive statements.

The circumstances surrounding the rise and fall of InfoSpace stock price was another risk to Lead Plaintiffs' claims. Lead Plaintiffs' ability to establish damages required them to prove that the Settling Defendants' alleged misrepresentations artificially inflated the purchase price of InfoSpace stock and then,

when the falsity was revealed, caused the stock price to drop. But Lead Plaintiffs' Counsel believe that the Settling Defendants would have highlighted that InfoSpace stock increased in price during the late 1990s' "dot.com"-sector market bubble and then crashed along with the rest of its peer group. Lead Plaintiffs' counsel further anticipated that the Settling Defendants would have presented an economic model that could have been persuasive at trial that the InfoSpace stock drop followed this market trend, which would have diminished or eliminated altogether Lead Plaintiffs claims for damages.

Also weighing was the impact of federal legislation, *i.e.*, the PSLRA, which imposed significant burdens on the prosecution of the Lead Plaintiffs' claims against the defendants. The PSLRA requires lead plaintiffs to allege in detail circumstances demonstrating the falsity of the alleged misrepresentations and that the defendants knew or were deliberately reckless not to know this falsity, and provides that lead plaintiffs cannot obtain witness testimony and relevant documents unless and until a court rules that lead plaintiffs have pled these and other matters sufficiently to state a viable claim.

Mindful of these difficulties, counsel for the Lead Plaintiffs believe that the settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, counsel for the Lead Plaintiffs have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiffs and the Settlement Class.

## V. SETTLING DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Action. The Settling Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. The Settling Defendants believe that all allegations of misconduct set forth in the Action, including accounting and forecasting allegations, are without merit and that the Settling Defendants in fact acted properly in all respects. The Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiffs or the Settlement Class have suffered damage, that the price of InfoSpace securities was artificially inflated by reasons of the alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. The Settling Defendants further believed that they had a potentially meritorious motion to dismiss, and would have sought to terminate the claims against them on multiple grounds, including, but not limited to, failure to satisfy applicable requirements for pleading accounting fraud, false forecasting, or any other form of securities fraud.

Nonetheless, the Settling Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. The Settling Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. The Settling Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI. TERMS OF THE PROPOSED SETTLEMENT

The Settling Defendants' insurance carriers will pay or cause to be paid into an interest bearing account, pursuant to the terms of the Stipulation of Settlement dated as of October 21, 2003 (the "Stipulation"), cash in the amount of $34.3 million.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Plaintiffs' Settlement Counsel as attorneys' fees and for reimbursement of out-of-pocket expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Settlement Class Members who submit valid and timely Proof of Claim forms.

## VII. THE RIGHTS OF SETTLEMENT CLASS MEMBERS

If you are a Settlement Class Member, you may receive the benefit of, and you will be bound by, the terms of the proposed settlement described in Section VI of this Notice, upon its approval by the Court.

If you are a Settlement Class Member, you have the following options:

1. You may file a Proof of Claim as described below. If you choose this option, you will remain a Settlement Class Member, you will share in the proceeds of the proposed settlement if your claim is timely and valid and if the proposed settlement is finally approved by the Court, and you will be bound by the Judgment and release described below.

2. If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded. To do so, you must so state in writing no later than April 22, 2004. You must set forth: (a) your name, address and telephone number; (b) the number and type of InfoSpace securities you purchased or acquired and sold during the Settlement Class Period and the dates and prices of such purchases or acquisition(s) and/or sale(s); and (c) that you wish to be excluded from the Settlement Class. The exclusion request ("Request for Exclusion") should be addressed as follows:

*InfoSpace Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you validly request exclusion from the Settlement Class, (a) you will be excluded from the Settlement Class, (b) you will not share in the proceeds of the Settlement described herein, (c) you will not be bound by any judgment entered in the Action, and (d) you will not be precluded, by reason of your decision to

request exclusion from the Settlement Class, from otherwise prosecuting an individual claim, if timely, against the Settling Defendants based on the matters complained of in the Action.

3.  If you do not request to be excluded from the Settlement Class, you will be bound by any and all determinations or judgments in the Action in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Settlement Class, and you shall be deemed to have, and by operation of the Judgment shall have fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim.

4.  You may object to the Settlement and/or the application of Plaintiffs' Settlement Counsel for an award of attorneys' fees and reimbursement of expenses in the manner set forth below. The filing of a Proof of Claim by a Settlement Class Member does not preclude a Settlement Class Member from objecting to the settlement. However, if your objection is rejected you will be bound by the Settlement and the Judgment just as if you had not objected.

5.  You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have fully released all of the Released Claims against the Released Persons.

6.  If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you do not do so, you will be represented by Plaintiffs' Settlement Counsel.

## VIII. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in InfoSpace securities during the Settlement Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiffs' Settlement Counsel have consulted with damage consultants and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered had plaintiffs prevailed at trial.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants. Under the Plan of Allocation described below, the Net Settlement Fund will be divided as follows: No less than 40% to Authorized Claimants who exchanged their shares of Go2Net common stock for InfoSpace common stock, and 60% to all other Authorized Claimants. This allocation reflects the views of counsel for the Lead Plaintiffs concerning the relative strengths of these different investor groups' claims. In the view of counsel for the Lead Plaintiffs, the claims of Authorized Claimants who exchanged their shares of Go2Net were less vulnerable to the defenses and other obstacles to recovery discussed above in Section IV. In particular, due to the context in which these Authorized Claimants acquired their InfoSpace shares, namely, a transaction based on a registration statement and other documents filed with the SEC that InfoSpace disseminated to Go2Net shareholders, these Authorized Claimants asserted claims under several provisions of the federal securities acts that were unavailable to the other Authorized Claimants, who purchased their InfoSpace stock on the open market. Pleading and proving claims under these provisions would be less difficult than claims asserted by open-market purchasers. For instance, Lead Plaintiffs need not plead or prove the Settling Defendants knew or recklessly disregarded that the alleged misrepresentations in the Prospectus were false; the Company could instead be strictly liable for those statements. Reflecting Lead Plaintiffs' counsel's view of the relative strength of these claims, the Plan of Allocation enhances the recoveries assured Go2Net Authorized Claimants over other Authorized Claimants. Those Claims are, however, subject to the same damages-related defense that investors' losses were caused by peer-sector market declines rather than misconduct by the Settling Defendants. Lead Counsel also understand that the Settling Defendants would contend that these claims lack merit and would have vigorously defended against them.

In addition, the allocation plan limits total recovery for holders of InfoSpace options to 5% of the portion allocated to non-Go2Net Authorized Claimants. This allocation takes into account the relative strengths of the claims of those two groups, especially regarding the standards of proof and the traceability of the shares issued in the Go2Net acquisition.

A claim will be calculated as follows:

### Common Stock

1.  For shares of InfoSpace common stock that were *purchased or otherwise acquired on 01/26/00 through 12/08/00*, and

    (a) sold on or before 12/08/00, the claim per share is $0;
    (b) sold on 12/11/00 through 01/21/01, the claim per share is $2.50;
    (c) sold on 1/22/01, the claim per share is $4.38;
    (d) sold on 1/23/01 through 01/29/01, the claim per share is $5.41;
    (e) held at the close of trading on 1/29/01, the claim per share is $5.78.

2.  For shares of InfoSpace common stock that were *purchased or otherwise acquired on 12/11/00 through 01/21/01*, and

    (a) sold on or before 01/21/01, the claim per share is $0;
    (b) sold on 1/22/01, the claim per share is $1.88;
    (c) sold on 01/23/01 through 01/29/01, the claim per share is $2.91;
    (d) held at the close of trading on 1/29/01, the claim per share is $3.28.

3. For shares of InfoSpace common stock that were *purchased or otherwise acquired on 01/22/01*, and

    (a) sold on 01/22/01, the claim per share is $0;
    (b) sold on 01/23/01 through 01/29/01, the claim per share is $1.03;
    (c) held at the close of trading on 1/29/01, the claim per share is $1.40.

4. For shares of InfoSpace common stock that *were purchased or otherwise acquired on 01/23/01 through 01/29/01*, and

    (a) sold on or before 01/29/01, the claim per share is $0;
    (b) held at the close of trading on 1/29/01, the claim per share is $0.37.

5. For shares of InfoSpace common stock that were *purchased or otherwise acquired on 1/30/01*, and

    (a) sold on 1/30/01, the claim per share is the difference between the purchase price and the sales price;
    (b) held at the close of trading on 1/30/01, the claim per share is the difference between the purchase price and $5.63.

### Call Options

1. For Call Options on InfoSpace common stock that were *purchased or otherwise acquired on 1/26/00 through 12/8/00*, and

    (a) sold, exercised or expired on or before 12/8/00, the claim per Call option is $0;
    (b) sold, expired or exercised on or after 12/11/00, the claim per Call option is the difference between the price paid for the Call option less the proceeds received upon the sale or settlement of the Call option.

2. For Call Options on InfoSpace common stock that were *purchased or otherwise acquired on 12/11/00 through 1/21/01*, and

    (a) sold, exercised or expired on or before 1/21/01, the claim per Call option is $0;
    (b) sold, expired or exercised on or after 1/22/01, the claim per Call option is the difference between the price paid for the Call option less the proceeds received upon the sale or settlement of the Call option.

3. For Call Options on InfoSpace common stock that were *purchased or otherwise acquired on 1/22/01*, and

    (a) sold, exercised or expired on 01/22/01, the claim per Call option is $0;
    (b) sold, expired or exercised on or after 1/23/01, the claim per Call option is the difference between the price paid for the Call option less the proceeds received upon the sale or settlement of the Call option.

4. For Call Options on InfoSpace common stock that were *purchased or otherwise acquired on 1/23/01 through 01/29/01*, and

    (a) sold, exercised or expired on or before 1/29/01, the claim per Call option is $0;
    (b) sold, expired or exercised on or after 1/30/01, the claim per Call option is the difference between the price paid for the Call option less the proceeds received upon the sale or settlement of the Call option.

5. For Call Options on InfoSpace common stock that were *purchased or otherwise acquired on 01/30/01*, and

    (a) sold, exercised or expired on 1/30/01, the claim per Call option is $0;
    (b) sold, expired or exercised on or after 1/31/01, the claim per Call option is the difference between the price paid for the Call option less the proceeds received upon the sale or settlement of the Call option.

### Put Options

1. For Put options on InfoSpace common stock that were *sold on or after 1/26/00 through 12/8/00*, and

    (a) Covered or expired on or before 12/8/00, the claim per Put option is $0;
    (b) Covered or expired on or after 12/11/00, the claim per Put option is the difference between the amount paid upon settlement of the Put option contract less the initial proceeds received upon the sale of the Put option contract.

2. For Put options on InfoSpace common stock that were *sold on or after 12/11/00 through 1/21/01*, and

    (a) Covered or expired on or before 1/21/01, the claim per Put option is $0;
    (b) Covered or expired on or after 1/22/01, the claim per Put option is the difference between the amount paid upon the settlement of the Put option contract less the initial proceeds received upon the sale of the Put option contract.

3. For Put options on InfoSpace common stock that were *sold on 1/22/01*, and

    (a) Covered or expired on 1/22/01, the claim per Put option is $0;
    (b) Covered or expired on or after 1/23/01, the claim per Put option is the difference between the amount paid upon the settlement of the Put option contract less the initial proceeds received upon the sale of the Put option contract.

4 For Put options on InfoSpace common stock that were *sold on or after 1/23/01 through 1/29/01*, and

    (a) Covered or expired on or before 1/29/01, the claim per Put option is $0;
    (b) Covered or expired on or after 1/30/01, the claim per Put option is the difference between the amount paid upon the settlement of the Put option contract less the initial proceeds received upon the sale of the Put option contract.

5. For Put options on InfoSpace common stock that were *sold on 01/30/01*, and

    (a) Covered or expired on 1/30/01, the claim per Put option is $0;

(b) Covered or expired after 1/30/01, the claim per Put option is the difference between the amount paid upon the settlement of the Put option contract less the initial proceeds received upon the sale of the Put option contract.

The date of acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date. October 12, 2000 is the acquisition date for Go2Net Corp. shareholders who acquired InfoSpace stock in InfoSpace's acquisition of Go2Net.

For Settlement Class Members who held shares at the beginning of the Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Settlement Class Period will be matched, in chronological order, first against shares held at the beginning of the Settlement Class Period. The remaining sales of shares during the Settlement Class Period will then be matched, in chronological order, against shares purchased during the Settlement Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in InfoSpace securities during the Settlement Class Period are subtracted from all losses.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Plaintiffs' Settlement Counsel, the Claims Administrator, Settling Defendants, Settling Defendants' Related Parties, or any Person designated by Plaintiffs' Settlement Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court. All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## IX. PARTICIPATION IN THE SETTLEMENT

If you fall within the definition of the Settlement Class, you will be bound by any judgment entered with respect to the Settlement in the Action whether or not you file a Proof of Claim and Release form. If you choose, you may enter an appearance individually or through your own counsel at your own expense.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release form must be postmarked on or before July 16, 2004, and delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

*InfoSpace Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

## X. DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment"). The Judgment will dismiss the Released Claims with prejudice as to all Settling Defendants. The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons and that the Released Persons shall be deemed to have released and discharged all Settlement Class Members and Plaintiffs' Settlement Counsel from all claims arising out of the prosecution and settlement of the Action.

## XI. APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Plaintiffs' Settlement Counsel will request the Court to award attorneys' fees of 25% of the Settlement Fund after deduction of court awarded expenses or an average of $0.046 per share, plus reimbursement of the expenses, not to exceed $500,000 or $0.003 per share, which were advanced in connection with the Action, plus interest thereon. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

To date, Plaintiffs' Settlement Counsel have not received any payment for their services in conducting this Action on behalf of Lead Plaintiffs and the Members of the Settlement Class, nor have Plaintiffs' Settlement Counsel been reimbursed for their substantial out-of-pocket expenses. The fee requested by Plaintiffs' Settlement Counsel will compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Settlement Class, and for their risk in undertaking this representation on a wholly contingent basis. The fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.

## XII. CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason,

any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of October 20, 2003.

### XIII. THE RIGHT TO BE HEARD AT THE HEARING

Any Settlement Class Member who objects to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, received on or before April 22, 2004, by each of the following:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
William Kenzo Nakamura U.S. Courthouse
1010 Fifth Avenue
Seattle, WA 98104

*One of Plaintiffs' Settlement Counsel:*

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
JOY ANN BULL
401 B Street, Suite 1700
San Diego, CA 92101

*Counsel for Defendants:*

WILSON, SONSINI, GOODRICH &
 ROSATI
STEVEN M. SCHATZ
650 Page Mill Road
Palo Alto, CA 94304

The notice of objection must demonstrate the objecting Person's membership in the Settlement Class, including the number and types of InfoSpace securities purchased and sold during the Settlement Class Period, and contain a statement of the reasons for objection. Only Members of the Settlement Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

### XIV. SPECIAL NOTICE TO NOMINEES

If you hold any InfoSpace securities purchased during the Settlement Class Period as nominee for a beneficial owner, then, within ten days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

InfoSpace Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and that would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

### XV. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, Western District of Washington at Seattle, William Kenzo Nakamura U.S. Courthouse, 1010 Fifth Avenue, Seattle, Washington.

If you have any questions about the settlement of the Action, you may contact Plaintiffs' Settlement Counsel by writing: Rick Nelson, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San Diego, California 92101, Telephone: 619/231-1058; Steve W. Berman, Hagens Berman LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101, Telephone: 206/623-7292, or Michael K. Yarnoff, Schiffrin & Barroway, LLP, Three Bala Plaza East, Suite 400, Bala Cynwyd, Pennsylvania 19004, Telephone: 610/667-7706.

DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

DATED: February 17, 2004

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**EXHIBIT B**

**DAVID J. BALINT, PLLC**
*ATTORNEY AT LAW*

*2033 Sixth Avenue, Suite 800*
*Seattle, Washington  98121-2567*

Telephone: (206) 728-7799
Facsimile:  (206) 728-2729
e-mail davidbalint@qwest.net
website: balintlaw.com
Cell and Message Line: (206) 947-7988

*David J. Balint (Ext. 111)*
*Donald J Horowitz, Of Counsel (Ext109)*

May 30, 2006

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

      RE: InfoSpace Securities Litigation Settlement Fund
          Claim Number: ISPA-107952-2, ISPA-10793-0
          Western District of Washington, Case No. SEA-01-0913-Z

Gentlemen:

I am in receipt of three checks from you, check numbers 105762, 105763, and 105764. You give no explanation for how they were calculated, but in reviewing my three claims forms, it equates to $1.07 per share. You say that this distribution is in accordance with the notice of pendancy and proposed settlement of class action, but it does not appear that you are correct. I held all of the shares of common stock in accordance with the first explanation in Section VIII entitled plan of allocation. I "acquired" the shares of stock through the conversion of my original stock in Go2Net and therefore they were acquired during the period of 1/26/00-12/8/00 and held for the entire period of time through January 29, 2001. Therefore, my claim is for $5.78 per share, a substantial difference. An explanation would be appreciated. My facts and email information is at the top of this page and you may use those means of communication. Copies of all three distribution checks are enclosed for ease of your reference. Thank you for your cooperation.

Very truly yours,

DAVID J. BALINT, PLLC

David J. Balint
DJB: kou
enclosure